**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000540
31-JUL-2012
09:00 AM**

NO. CAAP-11-0000540

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
MARIANNE L. CODIAMAT, Defendant-Appellee.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CR. CASE NO. 1P311-173)


SUMMARY DISPOSITION ORDER
(By: Leonard and Ginoza, JJ. with
Nakamura, C.J., concurring separately)

Plaintiff-Appellant State of Hawai'i (State) appeals from the Notice of Entry of Judgment and/or Order, filed on June 15, 2011 in the District Court of the First Circuit, 'Ewa Division (District Court).[1]

On January 24, 2011, the State charged Defendant-Appellee Marianne L. Codiamat (Codiamat) with Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2011). On June 15, 2011, prior to trial, Codiamat orally moved to dismiss the complaint as defective based on State v. McCarthy, No. 29701, 2010 WL 3433722 (App. Aug. 31, 2010) (mem.). On the same date, the District Court granted the motion and dismissed the case without prejudice. On June 29, 2011, the

---

[1]  The Honorable Clarence Pacarro presided.

State moved for reconsideration. On July 6, 2011, following a hearing, the District Court denied the State's Motion for Reconsideration.

On appeal, the State contends that the District Court erred in dismissing the complaint, because <u>McCarthy</u> does not apply.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

The complaint against Codiamat stated:

> On or about the 6th day of January, 2011, in the City and County of Honolulu, State of Hawaii, MARIANNE L. CODIAMAT, with intent to harass, annoy, or alarm Richard Buchanan, did strike, shove, kick, or otherwise touch Richard Buchanan in an offensive manner or subject Richard Buchanan to offensive physical contact, thereby committing the offense of Harassment, in violation of Section 711-1106(1)(a) of the <u>Hawaii Revised Statutes</u>.

Because the charge was pleaded in the disjunctive, it did not sufficiently apprise Codiamat of what she must be prepared to meet. <u>See</u> <u>State v. Jendrusch</u>, 58 Haw. 279, 283 n.4, 567 P.2d 1242, 1245 n.4 (1977).

The State contends that charging Codiamat in the disjunctive was permissible because the terms strike, shove, kick, and otherwise touching are "factually synonymous" with an offensive touching, and that "touch[ing] a person in an offensive manner" and "subject[ing] the other person to offensive physical contact" are simply alternative means of enacting the same intent.

HRS § 711-1106(1)(a) states:

> §711-1106 **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

2

In <u>State v. Pesentheiner</u>, 95 Hawai'i 290, 22 P.3d 86 (App. 2001), the defendant claimed that knocking off a person's hat did not constitute "touching another person in an offensive manner or subjecting the other person to offensive physical contact." 95 Hawai'i at 294, 22 P.3d at 90 (brackets omitted). In <u>Pesentheiner</u>, this court stated:

> The statute thus expressly proscribes contact with an individual's person by way of a "[s]trike[], shove[], kick[]," or other method of "touch[ing][.]" However, <u>HRS § 711-1106(1)(a) also prohibits, in the disjunctive and alternatively, acts which "subject[] [another] person to offensive physical contact[.]"</u>

> On appeal, the State contends that Pesentheiner's conduct falls within the first of these prohibitions. We question this parsing of the statute. On its face, HRS § 711-1106(1)(a) strains to support a construction that defines the phrase "[s]trikes, shoves, kicks, or otherwise touches another person" as anything less than actual bodily contact, whether directly or indirectly through the clothing or other material intended to cover the body. Such a construction would be contrary to the commonsense understanding imparted by the statute's choice of words.

> That said, we move to examine whether Pesentheiner nonetheless violated the alternative prohibition of HRS § 711-1106(1)(a), against "offensive physical contact[.]" Pesentheiner argues that "offensive physical contact" should be strictly construed to mean only actual contact with or touching of another individual's person. However, as stated above, the plain language of HRS § 711-1106(1)(a) makes clear that the statute already proscribes such actions in its first prohibition against "[s]trik[ing], shov[ing], kick[ing], or otherwise touch[ing] another person[.]"

> As a general rule, "[c]ourts are bound to give effect to all parts of a statute, and . . . no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute." *In re Doe*, 90 Hawai'i 246, 250, 978 P.2d 684, 688 (1999). <u>In light of this consideration, it becomes apparent that "offensive physical contact" must constitute more than simply the "touch[ing] [of] another person in an offensive manner" if the phrase in the disjunctive is to hold any independent meaning or effect.</u>

> We believe that "offensive physical contact" encompasses the conduct in question here, offensive contact that, while separate and apart from the various forms of actual bodily touching, nevertheless involves contact with an item physically appurtenant to the body. We believe that such a construction is mandated by the plain meaning of HRS § 711-1106(1)(a), read in its entirety.

Id. at 294-95, 22 P.3d at 90-91 (emphasis added and footnotes omitted).

Because "subject[ing] the other person to offensive physical contact" has an independent and separate meaning from "touches another person in an offensive manner," the terms are not synonymous.

In Jendrusch, the Hawai'i Supreme Court noted that proscribed conduct in one subsection of a statute was not factually synonymous with the proscribed conduct in another subsection. The court thus stated:

> In charging the defendant in the disjunctive rather than in the conjunctive, it left the defendant uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him. Where a statute specifies several ways in which its violation may occur, the charge may be laid in the conjunctive but not in the disjunctive.

58 Haw. at 283 n.4, 567 P.2d at 1245 n.4 (citation omitted); see also McCarthy, 2010 WL 3433722 at *1.

Because the charge was fatally defective, the District Court did not err in dismissing the case without prejudice. Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on June 15, 2011 in the District Court of the First Circuit, 'Ewa Division, is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2012.

On the briefs:

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Kaupenaikaika F. Soon
Deputy Public Defender
for Defendant-Appellee

Associate Judge

Associate Judge

4